UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGER SHAW,

    Petitioner,

v.                                              Case No: 2:18-cv-24-FtM-99MRM

JULIE L. JONES and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on initial review of the file. Petitioner, currently incarcerated within the Florida penal system at Desoto Correctional Institution filed a Petition for Habeas Corpus Relief pursuant to 28 U.S.C. § 2254 (Doc. 1) on January 12, 2018. Petitioner challenges his 1974 conviction for first degree murder for which he is serving a life sentence imposed by the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida. Because the case is in the early stages, no response has been filed to the Petition. Upon review of the Petition, the Court concludes that this case must be dismissed without prejudice to allow Petitioner the opportunity to seek

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

authorization from the Eleventh Circuit Court of Appeals to file a second 28 U.S.C. § 2254 habeas petition.

## BACKGROUND

On November 29, 1973, Petitioner was indicted for first degree murder for the beating death of George Beckworth. (Doc. 1-1 at 6). Petitioner pled nolo contendere to the charge on January 28, 1974. *Id.* at 10. Petitioner was seventeen years old at the time with an IQ between sixty and seventy. *Id.* at 6. Petitioner was sentenced to life without parole. *Id.* at 2.

Petitioner has filed two previous petitions for habeas relief with this Court relating to his 1974 murder conviction and sentence, *Shaw v. DOC*, 8:10-cv-2490 (M.D. Fla. 2010); and *Shaw v. DOC*, 8:11-cv-1853 (M.D. Fla. 2011). Both prior petitions were dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) 28 U.S.C. § 2244(d). Petitioner filed the instant Petition on January 12, 2018.

## DISCUSSION

Petitioner avers that his Petition should be granted because he was a juvenile when he was convicted and sentenced to life in prison without parole. Petitioner argues that the AEDPA statute of limitations does not apply to his case because recent Supreme Court case law made sentencing a juvenile to life in prison without parole unconstitutional. Petitioner argues that the Supreme Court ruling is retroactive and applies to his case. However, Petitioner's Petition is a successive petition it must be dismissed.

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution or by statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 2244 provides, in relevant part:

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)

        (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3) (A) ***Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.***

28 U.S.C. § 2244 (emphasis added). Under this statute, a district court lacks jurisdiction to hear a second or successive § 2254 habeas petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner's first § 2254 habeas petition qualified as a first petition for the purpose of determining successor status because it was dismissed as untimely. *See Candelario v. Warden*, Case No. 14-11836, 2014 WL 6056234, at *2 (11th Cir. Nov. 14, 2014)(unpublished)(rejecting petitioner's argument that his § 2255 petition was not

3

successive because the initial § 2255 motion was denied as untimely rather than on the merits and recognizing that "a second petition is successive if the first was denied or dismissed with prejudice" and that a dismissal for untimeliness is with prejudice)(citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely § 2254 petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). Therefore, the instant petition is "second or successive" for purposes of § 2244(b)(3).

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. Rather, Petitioner argues that the claims set forth in his new petition are not restricted by § 2244(d) because the Supreme Court's decision precluding sentencing a minor to life without parole is applied retroactively, and therefore, his Petition is not barred from consideration. (Doc. 1 at 13). This argument may be made to the Eleventh Circuit in Petitioner's application for permission to file a successive motion. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A).

4

## CERTIFICATE OF APPEALABILITY[2]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is now

**ORDERED:**

(1)  This case is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case, terminate any pending motions, and enter judgment accordingly.

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

(2) The Clerk of the Court is also directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of April, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2